IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-01949-SKC-NRN

MARIO D. WRISTON,

    Plaintiff,

v.

MONARCH CASINO,

    Defendant.

---

## ORDER

---

Before the Court is the Recommendation of Magistrate Judge N. Reid Neureiter (Dkt. 61) to grant Defendant's Motion to Dismiss (Motion) (Dkt. 53). The Recommendation advised the parties they had 14 days after service in which to file specific written objections. No party filed timely objections, but Plaintiff Mario Wriston filed a tardy Objection (Dkt. 62)—20 days after the Recommendation was docketed. Defendant Monarch Casino did not file any response. For the reasons shared below, because the Court has satisfied itself that there is no clear error on the face of the record, the Court accepts the Recommendation and incorporates it into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

1

## A. LEGAL PRINCIPLES

### 1.   Review of a Magistrate Judge's Recommendation

Pursuant to Fed. R. Civ. P. 72(b), this Court reviews de novo any part of a magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). However, "[i]n the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). This standard of review for an unobjected to recommendation, and an untimely objection, is something less than a "clearly erroneous or contrary to law" standard of review, which in turn is less than a de novo review. *See* Fed. R. Civ. P. 72(a) and (b).

### 2.   Treatment of a Pro Se Plaintiff's Pleadings

A pro se litigant's pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But a pro se litigant must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on

2

behalf of a pro se litigant. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as the pro se plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## B. BACKGROUND

As set forth more fully in the Recommendation, Defendant employed Plaintiff for approximately a half year in 2022 as a Cage Banker at its casino before terminating his employment on November 10, 2022. Dkt. 61, p.4. Plaintiff contends he was unlawfully terminated because he is Black. *Id.*

He worked in the casino cage with two other men—one Hispanic and the other White—with whom he developed friendships. *Id.* He alleges his initial encounters with other employees were generally pleasant, but several employees and supervisors began "treating him differently after seeing his 'mannerisms, colloquialisms, the way [he] walk[ed] and talk[ed],'" and cites to three incidents with other employees. *Id.* at pp.4-5 (quoting Dkt. 45-1, p.8). In one example, one of those interactions involved his supervisor yelling at him and his two male colleagues (described above) for relatively minor concerns, but that same supervisor did not similarly yell at female employees. *Id.* at p.5. He also complains that the same supervisor refused to allow him to fix a discrepancy with his paperwork that resulted in him receiving disciplinary points. *Id.*

3

In late October 2022, a human resources employee of Defendant told Plaintiff he was the subject of a random surveillance audit and not to come into work. *Id.* He alleges no other employees he has spoken with have ever received a similar instruction. *Id.* at p.6. He was then terminated for policy violations, but he alleges he never received any warnings or write-ups, which contravened Defendant's policy. *Id.*

The procedural history of this case is also relevant to this Order. The operative complaint is the Second Amended Complaint. Dkt. 45. Plaintiff filed his original complaint on July 28, 2023. Dkt. 1. Defendant moved to dismiss that complaint. Dkt. 13. After the motion to dismiss was fully briefed, Plaintiff filed an amended complaint that did not comply with the Federal Rules of Civil Procedure. Dkt. 21. Defendant, however, moved to dismiss the amended complaint, which was also fully briefed. Dkts. 26, 30. The Court accepted the amended complaint as filed, and it became the operative complaint at the time. Dkt. 32.

Judge Neureiter held a hearing on Defendant's motion to dismiss the amended complaint. Dkt. 46. At that hearing, Judge Neureiter noted Plaintiff's improper service of the amended complaint, and he explained to Plaintiff that he would need to properly serve the amended complaint and its related documents. *Id.* at 16:19-25, 17:1-11. He also alerted Plaintiff that his amended complaint might be subject to a Rule 12(b)(6) motion to dismiss after proper service on the Defendant:

> You know, "Just I got terminated because of my race," that's what they call just conclusory statement. There have to be some facts supporting it, and you did include some of the facts there. It might not be enough to make out a legal claim.

4

> They're probably going to look at it and say, "We're going to try and move to dismiss this new one," but at least the process will have started, okay?

*Id.* at 17:12-19. He then recommended the second motion to dismiss be denied and that Plaintiff be given an opportunity to file a second amended complaint; the undersigned accepted that recommendation. Dkts. 41, 44. Plaintiff then filed documents, at least some of which appear to be identical to parts of his earlier complaints (Dkts. 42, 43), which this Court construed together to be his Second Amended Complaint. Dkts. 44, 45. Defendant then filed the subject Motion to Dismiss, which is fully briefed. Dkts. 53, 57, 59.

### C. ANALYSIS

As stated above, for a party to preserve their right to de novo review of a Recommendation, their objections must be filed within 14 days of service of the Recommendation. Plaintiff, however, did not file his Objection within that time. Thus, the Court reviews the Recommendation to confirm no clear error on the face of the record exists. *See Thomas*, 474 U.S. at 150.

The Court finds the Recommendation is detailed and thorough and contains no clear error on the face of the record.[1] Judge Neureiter correctly applied applicable law

---

[1] Even if the Court were to consider Plaintiff's Objection (Dkt. 62) and were to review the Recommendation under the de novo standard, the Court would still come to the same conclusion. The one-page Objection lacks the specificity necessary for the Court to understand how Plaintiff believes Judge Neureiter erred. *See One Parcel*, 73 F.3d at 1060 ("The filing of objections to a [magistrate judge's] report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute, and gives the district court an opportunity to correct any errors

5

and appropriately construed Plaintiff's claim liberally. He identified the elements of that claim and explained, in detail, why Plaintiff's Second Amended Complaint fails to allege sufficient factual statements that support the elements of his claim under Tenth Circuit precedent. Dkt. 61, pp.8-13. The Court finds no error in the Recommendation, clear or otherwise.

\*   \*   \*

For the reasons shared above, the Court ACCEPTS and ADOPTS the Recommendation (Dkt. 61) and GRANTS the Motion to Dismiss (Dkt. 53). Further, Plaintiff has already amended his complaint twice, and based on the foregoing analysis (including Judge Neureiter's cautioning Plaintiff that his Second Amended Complaint might still be subject to a new motion to dismiss), the Court concludes any further amendments would be futile. The Court therefore ORDERS Plaintiff's claim is DISMISSED WITH PREJUDICE. The Clerk of Court is FURTHER ORDERED to terminate this case.

DATED: February 25, 2025

BY THE COURT:

S. Kato Crews
United States District Judge

---

immediately." (cleaned up)). And upon de novo review, the Court would still find Defendant's current Motion to Dismiss (Dkt. 53) should be granted and Plaintiff's Second Amended Complaint should be dismissed with prejudice.